Leo Davenport,
Pro se



RECEIVED AND FILED

JUN 18  12 41 PM '10

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:  
LEO DAVENPORT AND  
GLENDA DAVENPORT.  
Debtor(s),

) CASE NO.: BK-S 10-13281-BAM
) IN CHAPTER 11 PROCEEDINGS
) 10-13279 Allman Nevada Enterprises
) 09-33468 GFD Investments
) 10-12221 GCCS LLC
)
) Hearing Date: June 22nd, 2010
) 11:00 AM

Opposition to Attorney's Motion to Withdraw

And Request for Sanctions

Comes Now Leo and Glenda Davenport, appearing pro se in opposition to the motion of attorney Charles Wright to withdraw from representation in the above titled case.

Mr. Wright accepted approximately $23,000 from the debtor, filed case Leo & Glenda Davenport 10-13281 (Chapter 11), Allman Nevada Enterprises 10-13279 (Chapter 11), GFD Investments 09-33468 (Chapter 7), GCCS LLC 10-12221 (Chapter 7), then ignored the interests of the client to the point he refused to return phone calls or Emails for 2 weeks and the client's request for a meeting previous to an important hearing in this case.

[Summary of pleading] - 1

At that point, I had no other alternative to sit in counsel's office and refuse to leave until he saw me. Instead, he had his staff bring me a letter stating that I was no longer his client See attached Exhibit "C" and Note the date of May 20th, 2010. He further called the Metropolitan Police Department, presumably to make some sort of a record of the incident which he then memorialized in his motion to withdraw which See exhibit "A" and please note the date and time. The Citation my Metropolitan Police Department happen at 1800 hr. This was 1 hour after Mr. Wright closed. Obviously the letter was before the Police. Also please see attached Exhibit "B" The Retainer Agreement.

I find we do agree on one thing a break down in communications, but disagree on when that happened.

While I do not wish to be represented any longer by counsel who clearly has not represented my interests, there is both the question of his handling of the case and the unearned retainer.

Since he has taken my funds and not performed his job, he has left me in a position where I am unable to retain replacement counsel in a very complex Chapter 11.

Wherefore I pray the court order the movant to pay over the entire retainer to the estate of the debtor in possession for the specific purpose of retaining substitute counsel.

Dated this June 18, 2010

*[signature]*
Leo Davenport, pro se

# Exhibit A



## LAS VEGAS METROPOLITAN POLICE DEPARTMENT

- ☐ Apt. Notification
- ☐ Garage Door
- ☐ Curfew Notification
- ☐ Other
- ☐ Disturbance
- ☐ Drug Activity
- ☐ Theft
- ☐ Vandalism
- ☒ Trespassing
- ☐ Domestic Violence
- ☐ Civil Stand-by
- ☐ _____

**Address:** 3130 S. RAINBOW #304
**Event #:** 100520-3193
**Apt. Name:** PILT WRIGHT LAW FIRM
**Message:** DAVENPORT WAS TRESPASSED FROM ABOVE ADDRESS AFTER REFUSING TO LEAVE AFTER BEING ASKED.

**Date:** 5/20/10
**Time:** 1800
**Officer Name:** M. SANTOYO
**P#:** 13942

LVMPD 275 (REV 5-08)    DISTRIBUTION   WHITE - SUBSTATION   CARDSTOCK - CITIZEN

# Exhibit B



## CHAPTER 11 RETAINER AGREEMENT

February 26, 2010

We hereby retain PIET & WRIGHT, LLC (hereinafter "The Law Firm") a debt relief agency, to represent us in the filing of a Chapter 11 Bankruptcy Petition and Plan and understand and agree to pay an initial attorney's fee of **$7,500.00**. Client shall pay attorneys fees on an hourly basis thereafter. Firm's hourly rates are as follows: $300.00 per hour for managing member attorneys; $225.00 per hour for associate attorneys; $185.00 per hour for law clerks; and $165.00 per hour for paralegals. Firm will charge Client in increments of one-tenth of an hour (i.e., 0.1 = 6 minutes). Charges are rounded up to the next increment. The minimum time charged for any activity will be two-tenths of an hour. Client may be charged at the hourly rate of each and every person working on a particular activity. **The Firm May require an additional retainer fee on each occurrence of the time expended exceeding a retainer fee.** In addition, we agree to pay the bankruptcy court-filing fee of whatever fee is in effect at the time our case is filed. If only one person signs this agreement the words "We", "us" or "Our" shall mean "I", "me" and "my".

We understand and agree to pay a retainer of **$7,500.00** in order to file the Chapter 11, which includes the Chapter 11 filing fee plus costs, including a lien search and a three source credit report. <u>We understand that the Court, for services rendered once the retainer has been earned, may award an amount in excess of the estimated attorney's fee to the Law Firm. This amount will be paid through my Chapter 11 plan or in the event the case is dismissed, we will be responsible for direct payment of any earned fee.</u>

    A.    THE ENTIRE RETAINER FEE MUST BE PAID IN FULL BEFORE THE PETITION WILL BE FILED.

    B.    We understand that the minimum, non-refundable retainer for a file set-up is $250.00. We further understand that if an installment payment is not made for a period of 30 days, the file may be closed and creditors may be advised that my file has been closed. We further understand that in the event our petition is not filed we will be billed at the rate of $300.00 per hour for time and services rendered.

    C.    We understand that The Law Firm will decide in its sole discretion which attorney in the firm will handle any aspect of this matter.

    D.    We also acknowledge that:

        1.    Any other services, such as defense of a complaint to determine discharge ability of a debt or of a United States Trustee motion to convert this case or dismiss it as an abusive filing, are not included and will be provided only through a separate representation agreement;

        2.    Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 a case may be audited by the Department of Justice. If my case is selected for audit, I understand that such representation would be outside the scope of this retainer. I also understand that the Law Firm will bill me at an hourly rate of $300 per hour for such representation;

        3.    The Law Firm has provided as a separate document, but included as part of this representation agreement, a notice of "Important Information about Bankruptcy Assistance Services from an Attorney" as required by section 527 of the Bankruptcy Reform Act;

        4.    We will furnish all information necessary to enable the Law Firm to complete the papers that will be filed in my case and that such information I provide will be complete, accurate, and truthful;

        5.    If I fail to provide the full amount of the retainer as set out herein, the Law Firm may be relieved from the responsibility of performing any further work under this representation agreement; and

        6.    The Law Firm may also be relieved of the responsibility to represent you if you fail to provide the information or documents in a timely manner and with sufficient adequacy to enable the Law Firm to respond to any inquiry, or if you do not appear at any court hearing. If these failings occur after the Law Firm has filed your bankruptcy case, the

        Law Firm can only be relieved if the court allows the Law Firm's withdrawal. You will receive notice of any motion and hearing on our desire to withdraw.

F.   We understand that the estimated attorney's fees will be billed for the following services and others as necessitated by the case process covers the following services:

1. Analysis of the financial situation, rendering advice assistance in determining whether a petition should be filed under Title 11, United States Code.(Chapter 13).
2. All meetings necessary to file petition, schedules, statements, plan and necessary documents;
3. Preparation and filing of petition, schedules, statements, plan and necessary information and documents;
4. Routine telephone calls and communications;
5. Meetings in preparation of the Initial Debtor Interview (IDI) and attendance at one IDI;
6. Meetings in preparation of the "341(a)" Meeting and attendance at one "341(a)" Hearing;
7. Meetings in preparation of pre-confirmation hearing and one appearance at pre-confirmation hearing, and confirmation hearing if necessary;
8. Review of all timely filed claims and Trustee's intent to pay claims, resolution of claim issues, Any amendments of Plan to conform all claims; and
9. Responses to creditors' motions to lift stay or motions for adequate protection.

G.   We understand that:

1. Government guaranteed education loans and most taxes will not be discharged unless after a trial, a bankruptcy judge decides it will be an undue hardship to pay this loan;
2. Other debts such as alimony, maintenance support, child support, fines, restitution and D.W.I. or D.U.I debts will not be discharged;
3. Tax obligations incurred within the last 3 years, assessed within 240 days prior to filing the bankruptcy and/or tax obligations where the returns were filed within two (2) years of the bankruptcy are non-dischargeable and must be paid in full, with interest and penalties to the IRS;
4. Recent cash advances, and debts incurred with fraudulent intent may not be discharged;
5. The above fee does not cover contested bankruptcy matters; and
6. In filing, we remain responsible to all secured creditors for payments for any secured item(s) that we may keep and that all payments for same must be kept current.

H.   We understand that the fee we are paying contemplates 3 appointments prior to filing the Bankruptcy, comprising the initial consultation, review of worksheets or online questionnaire and the petition signing. In the event we request additional appointments or consultations or make excessive phone calls to The Law Firm's office, additional fees may be charged at the hourly rate in effect at the time. If we fail to show up for an appointment we will be charged $300.00 for the missed appointment, unless we provide 24 hours notice.

I.   We understand that:

1. **THE LAW FIRM WILL NOT SIGN ANY REAFFIRMATION AGREEMENTS;**
2. **the Law Firm is not retained to represent us in any adversary proceedings, lawsuits, 2004 examinations, or other litigation/discovery. I understand I will be required to engage other counsel or enter into a separate retainer agreement with the Law Firm to represent me in any of these types of matters;**
3. The Court may not approve a Chapter 11 Plan, which proposes to pay less than 100% of government guaranteed educational loans;
4. Contested bankruptcy matters such as matters which require briefs, defending motions, filing motions and defending objections, etc., and post-confirmation matters are not covered by the above. Once the retainer has been earned, we agree to be billed at the rate of $300.00 per hour;
5. Due to various interpretations given to the law, no guarantees or assurances are given regarding the elimination of a second mortgage, third mortgage, other mortgage, or automobile values in the case of a "cram down". We understand that we should set aside money during the pendency of the bankruptcy to pay the second or third mortgages or an increase in the trustee payments based on the range of values provided by the Law Firm prior to filing our

   chapter 11, and/or in the event the Law Firm attempts to eliminate such mortgage(s) and the Court denies the requested relief;

6. Unless the Chapter 11 plan proposes otherwise, we remain responsible to all secured creditors for payments due outside the Plan and that these payments must be kept current or we could lose the collateral.

7. We are responsible for providing the Law Firm with a complete list of all of our creditors. In the event we omit any creditor(s), we understand that we will be responsible for the particular debt. We understand that we might be barred from later adding the omitted debt, but in the case we can add such omitted debt(s) an additional fee will be charged by the Law Firm; and

8. We understand that in the event a Chapter 11 is not filed, but services are rendered, we will be responsible for these services at the hourly rate stated above.

## PAYMENT OF FEES

A. We understand that our petition will not be filed until payment of the required retainer and filing fee is made even if a lesser sum is accepted as a deposit and that there is no protection against creditor actions such as a foreclosure until our petition is filed.

B. We understand that the balance of any earned attorney's fees, which are to be paid through the Plan, are owed to the Law Firm regardless of the outcome of the matter.

C. We understand that additional fees will be charged for services, which are necessitated by our case in accordance with an hourly rate of $300.00

D. A $50.00 fee will be charged for any check that fails to clear on the first deposit. We understand that the Law Firm will not file our Petition until we have paid all these charges if any are incurred.

E. We understand that our retention of the Law Firm does not require the Law Firm to represent us in an appeal or conversion of this case unless a separate fee arrangement has been agreed upon. The entry of an order dismissing our case results in the termination of the Law Firm's representation of us unless the Law Firm has agreed to continued representation.

F. We further understand that if we are sued while in a Chapter 11, the Chapter 11 protects us. This means that the Law Firm does not have to file an answer to defend us nor will the Law Firm file an answer. We understand however that should our Chapter 11 be dismissed, the litigation, which was stayed, will start again and we must then file an answer to protect ourselves. We have not hired the Law Firm to file any pleadings in State Court. Such arrangements would be the subject of a separate agreement.

G. The Law Firm has undertaken our representation in this matter with the specific understanding and agreement that under no circumstances have we hired the Law Firm to undertake or to file any appeals on our behalf.

H. If during the course of our Chapter 11 we obtain an order stripping off a Mortgage or voiding and/or canceling a lien on real property, additional work will be required at the conclusion of our case. This may entail the recording or preparation of documents canceling the mortgage, correspondence with the mortgagee and perhaps an additional motion in Court. These services are services, which will be billed at the normal hourly rate in order to provide us with an effective cancellation or avoidance of a lien or mortgage.

I. We understand that we are responsible for providing the Law Firm with a complete list of all of our creditors.

## FOR CURRENT OWNERS OF REAL ESTATE

The Law Firm will not be responsible for removing any liens on real property. If it is determined that a lien exists, a separate fee will be charged and must be paid in order to file a motion to cancel the lien.

Page 3 of 4

## FOR CLIENTS WHO DO NOT CURRENTLY OWN REAL ESTATE

We understand that we will not receive a discharge (such as liabilities for taxes where the return was filed within 2 years of the bankruptcy filing). We understand that if the creditor obtains a judgment prior to or after filing, this judgment may impact our ability to purchase real estate, though as a matter of law, the judgment is void and has no effect. We understand that we may have to file a motion in State Court to cancel the lien.

It is expressly understood and agreed that our legal representation by the Law Firm will end upon receipt of the discharge or dismissal in bankruptcy.

## FORECLOSURES AND TRUSTEE'S SALES

If your mortgage on your home (or property) is in default or foreclosure, you are responsible for notifying our office of any pending or upcoming scheduled trustee sale. It is impossible for our firm to be aware of a scheduled sale without you notifying our office of the date of a sale. Finally, **if you retain our firm within seven (7) days or less before a trustee or sheriff sale, our firm cannot guarantee that your Petition will be completed, (processed and filed prior to the sale.)** This means that we cannot guarantee that we have enough time to prepare your bankruptcy and save your home before a trustee sale occurs. Once your home or property has been sold at trustee's sale, the Law Firm will be unable to save your home or property.

Further, the Law Firm **will not be able to file your bankruptcy** to stop a foreclosure or trustee sale until the agreed fees are paid in full, all requested documents have been provided to our office and you have reviewed and signed your bankruptcy petition.

**WE HAVE RECEIVED A COPY OF THIS RETAINER. WE HAVE READ IT, UNDERSTAND IT AND AGREE TO IT AND ALL ITS TERMS AND CONTENTS.**

Debtor: _[signature] LEO DAVENPORT_ _____
                                        Date

**Firm:**

PIET & WRIGHT

By: _____
    JOHN A. PIET, ESQ.
    CHARLES T. WRIGHT, ESQ.
    3130 S. Rainbow Blvd. Ste. 304
    Las Vegas, Nevada 89146
Its: Managing Members

# Exhibit C



# PIET & WRIGHT

**ATTORNEYS AT LAW**

JOHN A. PIET
CHARLES T. WRIGHT *
AIMEE PULLEY

* Also admitted in Utah

john@pietwright.com
todd@pietwright.com
aimee@pietwright.com

May 20, 2010

**VIA HAND DELIVERY**

Leo Davenport
2308 Wimbledon
Las Vegas, NV 89107

Re:   Leo and Glenda Davenport, Case No.: 10-13281
      Allman Nevada Enterprises, Case No.: 10-13279
      GFD Investments, Case No.: 09-33468
      GCCS, LLC., Case No.: 10-12221
      Southwest Financial, Case No.: 09-34121

Dear Mr. Davenport,

This letter is to confirm that we are no longer your law firm. We regret this decision, however we insist that the client and lawyer be united in goal and methodology of obtaining these goals. We realize that we are not all things to all people and hope that you are successful in your pursuit in finding new counsel in all your matters.

If you intend to pursue your matters, I encourage you to speak with other legal counsel as soon as possible due to the fact that the applicable deadlines and trial dates are running. Please be aware that failing to file your Responses, Motions, etc. within the time constraints will result in the loss of your right to seek relief.

Thank you for the opportunity to provide legal services to you. I wish you the best of luck.

Best Regards,

PIET & WRIGHT

Charles T. Wright, Esq.

CTW: val

3130 S. RAINBOW BLVD., STE. 304, LAS VEGAS, NEVADA 89146
Telephone: 702.566.1212        Facsimile: 702.566.4833        Website: www.pietwright.com